WILLIAMS, BLACKBIRD and HODGES, JJ., dissent.

William M. YATES, Plaintiff in Error,

v.

Herman Houston GREENHAW, Jr., Defendant in Error.

No. 42290.

Supreme Court of Oklahoma.

May 19, 1970.

Jake Hunt, Oklahoma City, for plaintiff in error.

Coy H. McKenzie, Norman, for defendant in error.

JACKSON, Justice:

This is an action by plaintiff, Herman Houston Greenhaw, Jr., against defendant,

William M. Yates, to recover damages sustained by Greenhaw's automobile when it was involved in a one car accident while being driven by Yates. The jury returned a verdict for plaintiff Greenhaw and defendant Yates has appealed.

The sole question presented is whether there was sufficient proof of negligence to justify the submission of the case to the jury.

Plaintiff testified that he was trying to sell the automobile, a 1964 Jaguar Roadster, to Yates and that Yates was taking the automobile from Norman, Oklahoma, to Oklahoma City to make some tests on the automobile. He testified that the accident occurred about 4:30 A.M. on September 24th, on a curve in the highway north of Norman. He testified that it was a chilly morning, dry and clear. He further testified that he visited the scene of the accident about three hours after it occurred, and further testified without objection as follows:

"There were definite marks on the shoulder where he went off, and it was very easy to follow the progress of the automobile. There was a left turn here at that location, not, well, it was a medium radius I suppose one would say, it was not sharp, it appeared that he had gone off the shoulder on the right and in coming back on the road had over-corrected or something like that, and he went off the road to the left. The automobile was pointed approximately straight ahead when he left the road, he went off the road on the left-hand side upon an open, into a pasture, and there was, the car was rolled, I would say, several times. The big marks on the ground, the grass was all dug up, grass all over the car."

Color transparancies introduced in evidence disclose that the automobile is a streamed-lined, relatively wide and low sports car with a speedometer capable of registering 160 miles per hour. Plaintiff testified that it was equipped with "special expensive tires."

Defendant, Yates, testified by deposition that he picked the car up about 4:20 A.M. He further testified that he was driving 50 to 55 miles per hour and was in the middle of a curve when the accident happened.

He testified that he hit a slick spot on the road and that the car "went over on its side until it stopped." He further testified that there had been some precipitation and that the highway was wet. On being asked whether he went a short distance or a great distance from the road he testified "I went a big distance." He further testified that he later learned that the slick spot on the road was caused by motorcycles spinning their wheels in crossing the road in using the area as a race track. He further testified that he had travelled this road many times prior to the accident in other automobiles at the same speed.

We have held that where the evidence in a case is conflicting the verdict will not be disturbed where the evidence and the inferences legitimately to be drawn therefrom support the verdict. Russell v. Davison, 184 Okl. 606, 89 P.2d 352. We have also held that facts may be proved by circumstantial evidence and it is not necessary that the proof rise to that degree of certainty which will exclude every other reasonable conclusion than the one arrived at by the jury. McCasland v. Burton, Okl., 292 P.2d 396.

In the instant case there is testimony that the automobile "went a big distance" after it left the highway and it "rolled * * * several times." This is competent testimony from which the jury could have concluded that the defendant was exceeding a reasonable and prudent speed under the circumstances.

Considering all of the facts and circumstances in this case, and permitting the jury to judge the credibility of the witnesses, we are unable to conclude that the proof was not sufficient to justify the submission of the case to the jury.

The judgment of the trial court is affirmed.

All Justices concur.